JAMES L. McCLURKEN *et al.*, Plaintiffs in Error, *v.* JAMES LOGAN *et al.*, Defendants in Error.

ERROR TO WASHINGTON.

Unless it appears by a petition to enforce a mechanics' lien, that a contract existed by which the work was to be performed within three years, to be paid for in one year thereafter, a lien will not be enforced.

THIS was a petition for mechanics' lien, filed by the defendant against the plaintiffs in error, in the Washington Circuit Court.

This petition states that the petitioner made a contract with defendant, McClurken, to perform certain work and labor on a woolen factory and the machinery therein, for which said McClurken promised to pay petitioner $1.50 per day for as many days as he should work on said building, and to board petitioner besides, and that petitioner worked thirty-two and one-half days, or thereabouts, for said McClurken, and that his board was worth, during that time, $2.50 per week—making, in the aggregate, the sum of $60.35 due petitioner; that petitioner received $5.35 on account, from said McClurken, which left a balance of $55 due him. That said buildings and machinery are situated upon certain lands in the county of Washington. That said lands were originally owned by Thurman and one Gunn, who conveyed the same to Shipley and Barber— who conveyed the same to McClurken; and that afterwards, said Harvey B. Lucas, who was made a defendant to the peti-

tion, attempted to take and hold possession of the premises, without having any title known to petitioner—but which, if said Lucas ever had, was never recorded, and is therefore void. The petition then prays that the said premises be sold to satisfy the demand of said Logan.

At the May term, 1855, Harvey B. Lucas, one of the plaintiffs in error, and defendant in the court below, filed his answer without oath, in which he states that he knows nothing of the accounts between the defendant in error, Logan, and the plaintiff in error, McClurken, but sets forth a legal title to the premises, and possession of the same, before he obtained title to the same.

The defendant, McClurken, did not, in fact appear, either by himself or attorney, but the defendant, Lucas, appeared and filed the above answer.

At the same term of said court, the defendants in error obtained a reference to the master to take the proofs and make compensation. It further appears, from the record, that, before plaintiff in error, Lucas, answered petition, he interposed a demurrer to petition which was overruled, and no notice is taken of the answer of Lucas in the record.

NELSON & JOHNSON, for Plaintiffs in Error.

W. J. ALLEN, and ISHAM HAYNIE, for Defendants in Error.

BREESE, J. A great number of errors have been assigned as existing in the record in this cause, which we do not deem necessary to notice in detail, the whole of them being released by one of the plaintiffs in error, and most of the errors as affecting the other plaintiff in error, Lucas, being waived by the proceedings in the cause originated by himself. There is one error, which, in accordance with previous rulings of this court, must be considered as fatal. It is the second error assigned, " Because the said court overruled the demurrer of the plaintiff in error, Lucas, to the petition filed." By an inspection of the record it will be seen that, on a decision by the court overruling the demurrer to the petition, the defendant abided by the demurrer, and a reference was at once made to the master to take testimony and report the amount due. A paper purporting to be an answer of the demandant, is among the papers in the cause, but it was not sworn to nor treated as an answer by the court or parties, so that the decision of the court upon the demurrer becomes the question for consideration here.

The proceeding to enforce a mechanics' lien is statutory altogether, in derogation of the common law and of common right. The lien must grow out of a contract limited as to

time, both for its performance by the mechanic, and the payments by the employer, and the furnishing materials or labor under it. The statute so provides, and we have uniformly held unless the petition shows upon its face there was such a contract as is treated of in the statute, to be performed within three years, and the payments to be made within one year thereafter, no lien exists which this court can enforce. It is unnecessary to recapitulate the arguments of the cases so lately decided, or to attempt to add to their force. The cases of *Cook* v. *Heald*, 21 Ill. R. 425 ; *Cook* v. *Vreeland*, ib. 431, and *Senior* v. *Brebnor*, 22 ib. 252, are full to the point, and are in this respect like the one now before us.

The decree is reversed, and the cause remanded, with leave to amend.

*Decree reversed.*