## ADAM L. AMBERG
### v.
## CHARLES C. PHILBRICK.

*Bailments—Trover—Chattels—Conversion—Master and Servant—Servant's Wrongful Act—Master's Liability.*

An involuntary, gratuitous bailee is not liable for the refusal of his servant to deliver the goods of another when he has not been informed that application has been made therefor, and has given no orders touching the same.

[Opinion filed May 29, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellant.

Mr. CHARLES T. STRATTAN, for appellee.

GARY, J.   This was an action of trover for chattels belonging to the appellee, of which the appellant had such possession as resulted from putting a man in charge of the premises in which the appellee had placed them.   The premises had been in the possession of a company in which the appellee had some interest, so that he could store the chattels there without expense to him.

The appellant took possession under a chattel mortgage against the company.   Some weeks after the appellant took possession, his man in charge sent a postal card to the appellee to take his chattels away, but when the appellee went for them, the man refused to deliver them without a receipt " in good order."

The appellee never applied to the appellant for the chattels, and it did not appear that the appellant had ever been informed that the appellee ever applied for his property.   On these facts it was held on the trial, both by rulings upon the admission of evidence and upon instructions, that the act of the man in charge was conclusively the act of the appellant, and his refusal a conversion of the chattels by the appellant.

While a demand upon, and a refusal by, the servant of a pawnbroker or common carrier, within the scope of whose employment it is to determine whether a delivery shall be made, may be evidence of a conversion (Jones v. Hart, 2 Salk. 441; Cass v. N. Y. Cent. R. R., 1 E. D. Smith, 522), yet in the case of a pledge, such a refusal by the general agent, but without being directed by his principal, is not.   Pothonier v. Dawson, 1 Holt's N. P. C. 383; 3 E. C. L. 154.   This case is cited as authority in 2 Greenl. on Ev. Sec. 645; 2 Sel. N. P. 1395, and 1 Arch. N. P. 604, and nowhere denied.   "*Communis opinio* is of good authority in law."   Co. Litt. 186 A; Broom's Leg. Max. 140.

A banker, receiving a special deposit, is not liable for a conversion of the subject of the deposit by his servant, unless he participated in it, or was guilty of negligence in retaining the servant.   Sturges v. Keith, 57 Ill. 451.

As the appellant was an involuntary as well as gratuitous bailee, to the extent that he was a bailee at all, no more strin-

gent rule should be applied to him than to a voluntary bailee. He ought to be allowed to show that the refusal by the man in charge was not by his authority, or rather, he ought not to be required to show anything, unless there was a *prima facie* case that it was by his authority.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*