Eichengreen v. Appel.

*Reversed and remanded.*

---

## Kaufman Eichengreen
### v.
## Charles Appel.

*Landlord and Tenant—Tenant by Sufferance—Expulsion of.*

In the case presented, this court holds, the defendant, having hired the plaintiff, and as part of his wages agreed to furnish him rooms to live in, the employment and rental being for no specific time, that after appellee quit appellant's employ he was merely a tenant by sufferance, and might be put out on reasonable notice, no unnecessary severity being used.

[Opinion filed February 9, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Appellant, being a wholesale dealer in milk, employed appellee for $10 per week, and, appellee says, " told him that he could have rent down stairs, live in his home, and that the appellant would take one dollar off each week for the rent." Accordingly appellee and his wife moved into the rooms. Appellee says that he worked five months, appellee

deducting four dollars a month for rent, and left May 27, 1890; that afterward he found a note on his table that if he did not move out on the morrow he, appellant, would throw his things out. Appellant, after appellee left his service, hired another man, and wishing to have him occupy the premises put appellee's things out. Appellant testified that before putting the things out he told appellee that he had hired another man and that he, appellee, must get out; that on Saturday the other man's things came, and appellee helped put a portion of the new man's things in, saying that he would go out on Monday. On Monday appellee refused to go out and appellant put appellee's household goods out, taking them to a warehouse.

Being so dispossessed, appellee brought an action for the dispossession and for injury to his goods. There was a verdict and judgment against appellant, from which he brings this appeal.

Messrs. JONES & LUSK, for appellant.

Mr. HENRY C. RUSTON, for appellee.

WATERMAN, P. J. Taking appellee's statement as to the circumstances and arrangement under which he occupied rooms in appellant's house as true, it is apparent that if his occupancy can be denominated a tenancy, it was a tenancy that terminated with his service. He was not hired for any special period, nor was there any agreement that he was to be permitted to occupy the rooms for any definite time. When of his own accord he left the service of appellant, his right to longer remain in the rooms was at an end; thenceforth he was there by the mere sufferance of appellant. Proceeding with reasonable notice, in a reasonable manner and with no unnecessary rigor, as appellant did, appellee has no cause of action because appellant merely took what belonged to him, and which appellee held without right. Fort Dearborn Lodge v. Klein, 115 Ill. 177; Lee v. Mound Station, 118 Ill. 304; Gage v. Hampton, 127 Ill. 87; Harding v. Sandy, 43 Ill. App. 442; Brooke v.

O'Boyle, 27 Ill. App. 384; City of Bloomington v. Brophy, 32 Ill. App. 400; Souter et ux. v. Codman et al., 14 R. I. 119; Low v. Elwell and wife, 121 Mass. 309; Hoffman v. Harrington, 22 Mich. 52.

Mrs. Appel, the wife of appellee, was, against the objection of appellant, permitted to testify at the trial. Appellee contends that she was at the hearing a party plaintiff, and we are inclined to think this was the case.

The suit was begun by Charles Appel and a declaration was filed by him; afterward, by leave of court, Mary Appel was made a " co-plaintiff," and all papers were amended to correspond to such new condition. An amended declaration by Charles and Mary Appel was then filed; thereafter, on motion of plaintiff's attorney, leave was given the plaintiff to amend the declaration, and a declaration by Charles Appel only was then filed. This left Charles and Mary Appel plaintiffs, with a declaration containing several counts by them jointly, and one by Charles alone. Upon such misjoinder the case went to trial. Being a party plaintiff, Mary Appel was a competent witness; but there was no evidence of any trespass upon or interference with any property, real of personal, belonging to her. She testifies that she was shoved out, but made no claim that she was injured; her action for the trespass, if any, to her person, must be several. There was no evidence to sustain a verdict and judgment in favor of these joint plaintiffs.

The fourth instruction for the plaintiffs, that " the gist of the action is the unlawful taking and carrying away of the personal property of the plaintiffs," was unwarranted because there was no evidence that any personal property of the plaintiffs was taken or carried away.

The other instructions, proceeding upon the theory that the relation of landlord and tenant existed and that appellant had no right to take possession of premises of which he was the owner and entitled to possession, and to which the plaintiffs had no right, ought not to have been given.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*