# H. Boyd Frazier and Charles E. Friel

## v.

## Malcolm Caruthers et al.

*Landlord and Tenant—Forfeiture for Subletting—Waiver of—Judgment in Forcible Detainer—No Suspension of Other Rights—Right of Entry—Forcible Entry, Whether Unlawful.*

1. The service by the landlord upon his tenant of a five-day notice, under the statute, he having knowledge at the time of a subletting which, under the lease, was ground for forfeiture, amounts to a waiver of the forfeiture incurred by such subletting.

2. A judgment in a forcible detainer suit in favor of a landlord does not suspend the landlord's freedom of action to enforce his rights existing independently of such judgment.

3. The acceptance by a landlord, after his right of possession was fixed, of property from the tenant in payment of rent that had accrued, is no waiver of his right to enter.

4. Upon the case presented, this court holds that sub-tenants, who had been put out of possession by the landlord, who had the right of possession, could not maintain against him an action of trespass.

5. *Obiter,* a clause of re-entry in a lease is binding upon sub-tenants. *Communis opinio* is evidence of the law.

[Opinion filed March 4, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Mr. Azel F. Hatch, for appellants.

" The rule of law as now settled by the recently adjudicated cases is, that any acts which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume the demised premises, amount to a surrender by operation of law." Talbot v. Whipple, 14 Allen, 177; McAdams on Landlord & Tenant, 119; 1 Washburne on Real Property, *353.

By the written surrender, coupled with a surrender of the possession, the lease was canceled and all of Caruthers'

rights under the lease were terminated. The effect of a surrender of a lease is to divest the lessee as fully as if no lease had ever existed. Stewart v. Munford, 91 Ill. 58.

"The estate for years in such case is drowned by mutual agreement between them." 1 Washburne on Real Property, *351.

"If the tenant actually surrenders up to the lessor the possession of the premises, and he accepts it and retains it by coming into occupation of them, it will be a surrender, and put an end to the tenant's further liability upon his covenants." 1 Washburne on Real Property, *353.

A tenant can not affect the estate or rights of his under-lessee, by surrendering his lease to his landlord. Smith on Landlord & Tenant, *231; Taylor on Landlord & Tenant, Sections 111 and 517 (note 2); 1 Schouler on Personal Property, Secs. 38 and 39; McKenzie v. City of Lexington, 4 Dana, 129; Baker v. Pratt, 15 Ill. 568; Beadon v. Pyke, 5 M. & S. 153; Sheppard's Touchstone, 301; Adams v. Goddard, 48 Me. 215; Coke's Littleton, 338 b.

If the lease in question was surrendered prior to the eviction of Frazier & Friel, so that its provisions were no longer binding on the parties, it is equally true that such surrender by Petillon would not be permitted to injuriously affect the rights of his under-lessees, for it is a well established rule of law that a tenant shall not be permitted to prejudice the rights of a sub-tenant by surrendering his lease to his landlord.

The statute giving the action of forcible entry and detainer takes away the right of forcible entry without process of law. Reeder v. Purdy, 41 Ill. 279; Wilder v. House, 48 Ill. 279; Farwell v. Warren, 51 Ill. 467; Comstock v. Brosseau, 65 Ill. 39; I. & St. L. R. R. & C. Co. v. Cobb, 68 Ill. 53; City of Chicago v. Wright, 69 Ill. 325; Knight v. Knight, 3 Ill. App. 206; Briggs v. Roth, 28 Ill. App. 313; Westcott v. Arbuckle, 12 Ill. App. 577; Dearlove v. Harrington, 70 Ill. 253; Doty v. Burdick, 83 Ill. 473; Ft. Dearborn Lodge v. Klein, 115 Ill. 177; Gage v. Hampton, 127 Ill. 87; Iron Mt. & Helena R. R. Co. v. Johnson, 119 U. S. 608; Denver & Rio Grande Ry. Co. v. Harris, 122 U. S. 597.

Frazier v. Caruthers.

The first section of the Forcible Entry and Detainer Act provides: "That no person shall make an entry into lands, or tenements except in cases where entry is allowed by law, and in such cases he shall not enter with force, but in a peaceable manner." The effect of this statute is clearly prohibitive of the exercises of force in making an entry upon lands or tenements, and the law will not sanction or support a possession acquired by force.

In the case of the Fort Dearborn Lodge v. Klein et al., 115 Ill. 190, the court reviews the decisions from Reeder v. Purdy down to the date of its opinion, and after commenting upon the cases at length, lays down the rule that while a person who has the right to enter may do so, provided he do so in a peaceable manner and without force, yet the statute positively prohibits such person from entering, if it be necessary to use force in order to regain possession.

When a statute is prohibitive in its nature, it can not be amended by stipulation of parties; and the clause in the lease determining a forcible entry is unlawful and void. French v. Willer, 126 Ill. 614; Ft. Dearborn Lodge v. Klein et al., 115 Ill. 177.

While parties are permitted to waive rights, they are not permitted to amend the law. If it were otherwise, the very purpose of the law would be defeated, and it would be in the power of individuals to nullify, by contract, the statutes enacted for their restraint and protection. French v. Willer, *supra*, p. 621.

Messrs. Loesch & Allen, for appellees.

In Wood's Landlord and Tenant, it is said, Sec. 427: " In order to constitute a valid surrender, the surrenderer must not only have an estate in possession, but he must also be legally competent and able to make a surrender that will quiet all rights in the line of his title, and it must be made to the owner in his own right, of the immediate reversion."

Sec. 497, the same author, adds: " An unconditional agreement to surrender, acted upon by both parties, by

the tenant by giving up possession, and by the landlord
by reassuming possession, or reletting the premises, is
operative as a surrender. In other words, an executed
agreement to surrender is operative as a surrender."

McAdam on Landlord & Tenant (Second Ed.), Sec. 82,
says: "Upon the determination of the tenancy, the land-
lord is entitled to receive the full and complete possession
from his tenant, who must therefore deliver up to his
landlord the peaceable and quiet possession of the de-
mised premises, together with all fixtures, except those
which he is entitled by law to remove," * * * "and
where it is impossible for the tenant to give up possession
by reason of the ill will or neglect of his under-tenant, to
whom he has let the whole or part of the premises, the
original tenant will still be liable."

Sec. 206, same author, says: "To constitute an express
surrender" * * * "all that is requisite is the agree-
ment and assent of the proper parties manifesting their
intent, followed by a yielding up of the possession to him
who hath the greater estate."

In Baker v. Pratt, 15 Ill. 568, it appeared that Baker
leased certain lands to Isaac H. Pratt, Isaac J. Pratt and
Elias Pratt. During the term of the first lease Elias Pratt
induced Baker to execute a new lease to him alone. The
Supreme Court said, per Scates, J., page 571:

"One lessee can not destroy the rights of his co-lessees,
nor extinguish their title by conveying to his lessor."

And one obligee in a bond conveying real estate can not
surrender the interest of another without his consent. Smith
v. Sackett, 15 Ill. 528; Ruffner v. McConnel, 17 Ill. 212;
Comstock v. Brosseau, 65 Ill. 39.

Appellants' contention that the statute of forcible entry
and detainer takes away the lessor's right of forcible entry
without process of law, can not be sustained.

The facts show that there was no forcible entry by those
acting for Caruthers. The entry was peaceable, and there
was no, or only slight, resistance by one of the appellants
to the removal of their goods.

The appellants cite a long list of authorities in support of their statement that the landlord's right of forcible entry is taken away. All those cases are distinguishable from the case at bar, in that the landlord or alleged owner making the entry had no license from the tenant so to do, and in each case it was held that the common law right of entry only was taken away.

This very question has been before our Supreme Court in three cases, and in each instance a provision similar to the one in the Caruthers lease to Petillon and Ellers was upheld as a license from the tenant to the landlord on default, without notice, to declare the lease ended and with all necessary force to expel the tenant or those in possession under him. See Ambrose v. Root, 11 Ill. 498; Page v. De Puy, 40 Ill. 506; Fabri v. Bryan, 80 Ill. 182.

GARY, J. On the 8th day of October, 1887, Caruthers demised to Henry Petillon and Sophia Ellers certain premises, part of which, on the 10th day of October, 1888, Petillon, who alone occupied, sublet to Elmer E. Hawes, who sublet the same to the appellants on the 2d day of November, 1888. The lease by Caruthers contained a covenant against subletting or assigning without written consent, and a clause of re-entry for breach of any covenant or default in payment of rent. Petillon failed to pay his rent and Caruthers gave notice to Petillon and the administrator of Ellers, as provided by Sec. 8, Ch. 80, R. S., Landlord & Tenant; and the effect of it, the rent not being paid, was that Caruthers might "consider the lease ended, and sue for the possession under the statute in relation to forcible entry and detainer, or maintain ejectment without further notice or demand." He followed up the notice by a suit for forcible detainer, to which the appellants were not parties, so that they are not affected by the judgment which he obtained therein on the 28th day of November, 1888. Leindecker v. Waldron, 52 Ill. 283. As a part of that transaction, when that judgment was entered, a stipulation was made, the terms of which, in detail, the record does not

show; but by it Caruthers agreed not to proceed upon the judgment until the 6th of December following, and to accept from Petillon some property in satisfaction of the unpaid rent, and pay Petillon something besides.

When Caruthers served the notice spoken of above, he knew that Petillon had sublet portions of the premises without the consent required by the lease, and therefore the service of that notice, which, of itself, was a recognition of a continuing tenancy by Petillon, and the effect of which might have been avoided by the payment of the rent within the five days mentioned in it, was a waiver of the forfeiture incurred by the subletting. Woodward v. Cone, 73 Ill. 241; Watson v. Fletcher, 49 Ill. 498; Murray v. Harway, 56 N. Y. 337; 1 Woodfall, L. & T., 322; 2 Taylor, L. & T., Sec. 497.

On the 3d day of December, 1888, Caruthers having learned that Hawes was not a party, nor would yield, to the judgment in the forcible detainer suit, made his warrant as follows:

"Patrick Keenan, John Murphy:

You are hereby authorized as my agents to take possession of premises known as store numbered 222 South Clark street, and in so doing to expel, remove and put out any person or persons occupying same, using such force as may be necessary so to do, and is granted under lease herein delivered.           Yours,

                        M. CARUTHERS."

Keenan, Murphy and Caruthers then went to the premises; Caruthers demanded of Petillon possession; he yielded, saying "all right," or "I surrender," or both; but what then took place can, in no view of the testimony, be regarded as what is known in the law as a surrender by a tenant to a landlord, but only as non-resistance of an expulsion. The appellants were put out under the direction of Caruthers, and sued him, with others, in trespass therefor. They were defeated and appealed. The judgment in the forcible detainer suit did not suspend the freedom of action by Caruthers, to enforce his rights existing independent of it. Yeates v. Allin, 2 Dana, 134. By the notice he had become entitled to possession. True, the statute assumes that such

possession will be obtained by suit; but the common law gives, as the statute of limitation contemplates, wherever ejectment can be maintained, an entry as a concurrent remedy. Wherever there is an abuse of the right of entry by excessive force (and for that purpose all force is excessive) restoration of the possession may be obtained by an action of forcible entry, but trespass *qu. cl.* will not lie. Harding v. Sandy, 43 Ill. App. 442; Yeates v. Allin, 2 Dana, 134; 1 Hawkins P. C., 495; 3 Bl. Com. 214; 1 Ch. Gen. Pr., 646; 2 Woodfall, L. & T., 740. The same argument that induced the decision to the contrary in Reeder v. Purdy, 41 Ill. 279, has more than once been made and held specious in England. Turner v. Meymott, 1 Bing. 158.

The argument that a forcible entry is unlawful because the party ousted may be restored by an action of forcible entry and therefor may maintain trespass, goes too far; leave and license is an answer in trespass, and as indicated in the cases cited, in forcible entry; but why, if the act be unlawful, does consent to it make it lawful? Fabri v. Bryan, 80 Ill. 182, and earlier cases there cited. Such consent is no answer in trespass for an assault. Cooley on Torts, 188.

It is illogical to hold that the consent of the wrong-doer is essential to redress of the wrong. To keep the symmetry of the law, leave and license should be held no answer in forcible entry and unnecessary in trespass.

The true rule is laid down in Hoots v. Graham, 23 Ill. 81, where it is said " no case has been referred to, and it is believed none exists, which holds that a trespasser or a person in possession as a wrong-doer can recover against the owner of the fee, with right of possession. Such a rule would be an end to the enjoyment of property and its protection by judicial determination. It would be to hold that actual possession, however acquired, was paramount title." The experience of the last twenty-five years in this city justifies the statement that also under it blackmail is lawful gain.

The acceptance by Caruthers, after his right of possession was fixed, of property from Petillon for rent that had ac-

crued, was no waiver of his right to enter. 1 Woodfall, L. & T., 324; 2 Taylor, L. & T., Sec. 499.

The view we have taken makes it matter of speculation only in this case, yet it is quite singular that no express decision can be found as to the effect of a clause of re-entry upon sub-tenants. The only use of such a clause to enforce a forfeiture for subletting would be against a sub-tenant, and the text books all assume that a careful landlord will put it in his leases. 1 Taylor, L. & T. Sec. 290; 1 Woodfall, L. & T., 310. Yet these authors refer to but one case as their authority for the position that a landlord may evict a subtenant under such a clause, and in that case it was assumed without question. Arnsby v. Woodward, 6 B. & C. 519; 1 Taylor, L. & T., Sec. 109; 2 Woodfall, L. & T., 265, cited by the latter as Arnold instead of Arnsby. And see Hunter v. Galliers, 2 Term R. 133. But *communis opinio* is evidence of the law. Amberg v. Philbrick, 33 Ill. App. 200.

We have followed the points made at the close of the reply brief of the appellants without going over the evidence and instructions. We hold that neither of those points is well taken, and that the judgment of the Superior Court should therefore be affirmed.

When the cause was submitted here Malcolm Caruthers was a member of the bar of Chicago, still young, talented, but beyond the need of exertion, surrounded by, and blessed with, all that makes life a pleasure. In an hour, from a condition of apparent health, he sickened unto death.

Following the authority of Danforth v. Danforth, 111 Ill. 236, the judgment of affirmance will be entered as of December 3, 1891, the day on which the cause was submitted.

　　　　　　　　　　　　　　　　　　*Judgment affirmed.*