## William Ostatag

v.

## Frank P. Taylor.

*Trespass* Quare Clausum.

No trespass is committed in' taking possession of one's own; if an assault is committed in so doing, it may or may not be justifiable.

[Opinion filed June 2, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. Gartside & Leffingwell, for appellant.

Messrs. Johnson, Morrill & Bartlett, for appellee.

Gary, J. The appellee sued the appellant in trespass, the first two counts being *qu. cl.* The appellant's version of the case, which the evidence, we are at liberty to say without committing ourselves upon the facts, tended to support, is, that he bought at sheriff's sale the lease under which the employer of the appellee occupied a store; at the same sale the appellee bought some goods and fixtures, and

because he would not leave the store, the appellant put him and his property out.

Several instructions in the series given for the appellee are upon the theory of this:

"No. 6.   The court instructs the jury that the law does not permit a man, although he is entitled to the possession of certain premises, to take the law into his own hands and employ force and use violence to regain possession, even though such possession is wrongfully withheld.   The law has provided the action of forcible entry and detainer and the action of ejectment for this purpose, and no one has the right to forcibly eject another in the peaceable possession of premises without legal process."

We have had frequent occasion to declare what we believe to be the law of this State, as we know it to be the common law, upon the subject of that instruction, and adhere to what was laid down in Hoots v. Graham, 23 Ill. 79, that no trespass is committed in taking possession of one's own; we add, if an assault is committed in so doing, it may, or not, be justifiable.   We have cited authority enough in Eichengreen v. Appel, 44 Ill. App. 19, Frazier v. Caruthers, 44 Ill. App. 61, and Harding v. Sandy, 43 Ill. App. 442.

Without considering other questions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*