ELIZABETH MUELLER, IMPLEADED, ETC.,

v.

WILLIAM KUHN.

*Landlord and Tenant—Trespass—Taking Possession after Termina-
tion of Lease.*

An action of trespass *quare clausum fregit* can not be maintained
against the owner of premises, having the right of possession, who
merely takes possession of what is his own.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon.
RICHARD S. TUTHILL, Judge, presiding.

Mr. CHRISTIAN MEIER, for appellant.

Messrs. MATZ & FISHER, for appellee.

MR. JUSTICE SHEPARD. This was an action in trespass for
assault upon plaintiff's (appellee's) wife, and for carrying
away and converting certain goods and chattels of plaintiff,
and for entering into, and expelling plaintiff from certain
premises leased by appellant to appellee.

The lease in question, from appellant to appellee, provided

that if the rent reserved should be unpaid on the day of payment whereon the same ought to be paid, as stipulated, it should be lawful for appellant, at her election, to declare the term ended, and into the said premises, with or without process of law, to re-enter.

"And if at any time said term shall be ended at such election of said party of the first part, her heirs, executors, administrators or assigns, as aforesaid, or in any other way, the said party of the second part, his executors, administrators and assigns, do hereby covenant and agree to surrender and deliver up the said above described premises and property peaceably to said party of the first part, her heirs, executors, administrators or assigns, immediately upon the determination of the said term, as aforesaid, and if he shall remain in possession of the same one day after such default, or after the termination of this lease, in any of the ways above named, he shall be deemed guilty of a forcible detainer of said premises under the statute, and shall be subject to all the conditions and provisions above named, and to conviction and removal, forcibly or otherwise, or without process of law, as above stated. And the said party of the second part hereby waives his right to any notice from said party of the first part of her election to declare this lease at an end, under any of its provisions, or any demand for the payment of rent or the possession of the premises leased herein; but the simple fact of the non-payment of the rent reserved shall constitute a forcible detainer as aforesaid."

Default was made in the payment of at least one installment of rent, and appellant, through her agents, took possession of the premises at a time when the appellee was on the outside, by removing the old lock to the door, and putting on a new one and fastening it.

It is not necessary to speak further of the facts, and we refrain from so doing.

The first and sixth of plaintiff's instructions given to the jury were so erroneous in stating the law applicable to the case, as to demand a reversal for error in them alone. Those instructions were as follows:

1.   " The court instructs the jury that if the jury believe
from the evidence that the plaintiff was in the actual posses-
sion of the meat market and dwelling apartments in ques-
tion, and occupied the same, and the defendants, or any of
them, forcibly and against his will, entered the same, the
defendants or defendant so entering the same committed a
trespass.

6.   " The court instructs the jury that if they believe from
the evidence that any of the defendants forcibly and against
the will of the plaintiff entered the premises of the plaintiff,
or authorized their entry, said defendant or defendants were
not justified in so entering the premises in question, or
authorizing their entry, even though you should believe from
the evidence that the plaintiff was behind in his rent. The
law provides a method by which the landlord can recover
possession of premises peaceably, where a tenant is behind
in his rent, and the landlord is not authorized to forcibly
enter and take possession of the tenant's premises, or author-
ize any one else to do so before the expiration of the lease,
and against the will of the tenant."

The principal vice in each of the instructions consists in
the assumption of the first, and the expression of the sixth,
that a landlord may not re-enter and retake possession of his
premises withheld by a tenant in possession after the deter-
mination of a lease, except by process of law.

It would put an end to the enjoyment of property to hold
that trespass *quare clausum fregit* could be maintained
against the owner, with right of possession, who merely
takes possession of what is his own.   Hoots v. Graham, 23
Ill. 81; Ostatag v. Taylor, 44 Ill. App. 469; Frazier v. Caruth-
ers, 44 Ill. App. 61; Eichengreen v. Appell, 44 Ill. App. 19,
and cases there cited; Brooke v. O'Boyle, 27 Ill. App. 384;
Fort Dearborn Lodge v. Klein, 115 Ill. 177.

The jury ought not to have been instructed that the appel-
lant committed a trespass in making an entry into her own
premises, even though it was done against the will of the
tenant in possession, after the right to possession thereof by
the tenant had ceased, by a lawful termination of the lease.

We can not say for which of the alleged trespasses it was that the jury found the defendant guilty, or whether it was not because of all.

It was within the power of the appellee to have had that question determined by special findings of fact by the jury, but he did not choose to do so, and we are unable to say but that the entire damages given were for the alleged breaking and entering into the premises.

It is our duty, therefore, for the errors indicated, to reverse the judgment of the Circuit Court and remand the cause.

*Reversed and remanded.*