## William B. White v. Thorwald Naerup.

1. VINDICTIVE DAMAGES—*Verdicts the Result of Passion.*—A verdict in damages so excessive in amount as to leave no doubt upon the judicial mind that the jurors availed themselves of an opportunity to gratify that agrarian temper which regards wealth as a crime, and landlords as oppressors, will not be sustained.

2. SAME—*When Improper.*—When the wrongdoer acts in good faith, with honest intentions, and with prudence and proper caution, but invades the rights of others so as to render himself liable to an action, punitive or exemplary damages are improper. If no aggravating circumstances appear in the evidence, vindictive damages should not be given.

3. LEASES—*Landlord's Right to Enter upon Condition Broken.*— When a person takes possession of premises under a lease, conditioned that he occupy it for a grocery store, and for no other purpose whatever, he will have no right to use the premises for any other purpose, and when he ceases to occupy the premises for a grocery store, as provided in the lease, the lessor has the right to re-enter and take possession.

4. SAME—*Breaches of Covenants and Conditions.*—The result of a breach of the covenant in a lease (there being no right of entry reserved

White v. Naerup.

for such breach) is the recovery of damages; the estate is not lost. But the result of the breach of a condition in the lease is the loss of the estate.

5. TRESPASS—*Not as Against the Owner of the Fee.*—A trespasser or wrongdoer, in possession of premises, can not recover against the owner of the fee with the right of possession.

6. PLEADING—*Rules of Hilary Term.*—The changes of pleading introduced in England, by the rules of Hilary term, are not in force in the State of Illinois.

**Memorandum.**—Trespass to real estate. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Declaration in trespass; plea of the general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed December 20, 1894.

APPELLANT'S BRIEF, ELBERT H. GARY, ATTORNEY.

If no circumstances of aggravation be shown, and no evil motive be imputed, then vindictive damages should not be given. T. P. & W. R. R. Co. v. Patterson, 63 Ill. 304; Miller v. Kirby, 74 Ill. 242; Kolb v. O'Brien, 86 Ill. 210; Waldron v. Mercer, 82 Ill. 550; Scott v. Bryson, 74 Ill. 420.

To authorize the giving of exemplary or vindictive damages, either malice, violence, oppression or wanton recklessness must mingle in the controversy. The act complained of must partake of a criminal or wanton nature, else the amount sought to be recovered must be confined to compensation. City v. Martin, 49 Ill. 241.

Punitive damages are awarded when the act complained of is characterized by fraud, malice, gross negligence or oppression, and unless some of these elements mingle in the controversy, no more than actual damages can be allowed. Kurrus v. Seibert, 11 Ill. App. 519; Hawk v. Ridgeway, 33 Ill. 473.

BRANDT & HOFFMANN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee was tenant of the appellant under a lease expiring April 30, 1889. The lease described the premises as

" the store known as number 775½ West Madison street, to be occupied for a grocery store, and for no other purpose whatever."

There is in the record some uncertainty about dates, but we find by the calendar that April 20, 1889, was Saturday, and on the Saturday night and Sunday morning next preceding April 23d, the appellee moved his grocery store to the premises on the other side of the street, leaving, however, some of his goods—$500 or $600 worth as he says—still in the store.

April 23d, the appellant, making additions to the premises, was in possession of the store, having broken a hole in the rear wall and fastened the front door on the inside.

The next day the appellee broke in and kept possession that day, but on the 25th the appellant resumed and kept possession.

It is certain that no willful, if any, damage was done to the goods of the appellee—on the contrary, care was taken of them, but the appellee abandoned them.

And it is also certain that the conduct of the appellant was not prompted by any wish to injure the appellee, but was solely in furtherance of what he thought were his own interests. There were no circumstances of indignity nor insult, only an invasion of, at most, a valueless, expiring legal estate of the appellee.

Upon these facts the court instructed the jury for the appellee, as follows :

" If the jury believe from the evidence that the defendant willfully, wantonly, and with a reckless disregard of the plaintiff's rights, committed the trespasses alleged in the declaration, and broke, entered, and took possession of the premises occupied by the plaintiff, as alleged in the declaration, and find the defendant guilty, then the jury should assess the plaintiff's damages at such a sum as will compensate him for such of the damages, if any, alleged in the declaration, as the jury shall believe, from the evidence, the plaintiff has sustained. And in such case, the jury may, in addition, give vindictive damages as a punishment to the

White v. Naerup.

defendant; and in estimating vindictive damages, if the
jury give any vindictive damages, the jury may take into
consideration the pecuniary condition of the defendant, if
the same appears from the evidence."

And the jury returned a verdict in these words:

"We, the jury, find the defendant guilty, and we assess
the plaintiff's damages at the sum of five thousand and no
hundredths (5,000) dollars. Which consists of three hundred
and no hundredths (300) dollars for goods, and four thou-
sand seven hundred and no hundredths (4,700) dollars for
vindictive damages."

The verdict was afterward put into a less passionate form
and cut down one-half, and judgment entered for $2,500.

There was no case for vindictive damages.

The lease had but a week to run. The appellee had no
further need of the premises. But the appellant is reputed
rich, and there was an opportunity to gratify that agrarian
temper which regards wealth as a crime, and landlords as
oppressors.

The appellant tried to return half of a month's rent, but
the appellee would not take it. If entitled to recover at all,
the appellee was only entitled to actual damages, perhaps
liberally measured, and even of such damages not those of
his own creation, or resulting from his own willful neglect.

The appellant asked, and excepted to the refusal of, the
following instruction:

"The court instructs the jury that the lease introduced in
evidence gave the plaintiff the possession of the store in
question, 'to be occupied for a grocery store and for no
other purpose whatever,' and that the plaintiff had no right
to use the premises for any other purpose, or for the pur-
poses of a store room. And if the jury believe from the
evidence that before the time it is claimed the defendant
entered the store rented to the plaintiff, as charged in the
declaration, the plaintiff had ceased to occupy the premises
as a grocery store and was not occupying the same or in-
tending to occupy the same as a grocery store after the time
the plaintiff so ceased to occupy them, then the defendant
had the right to enter said store and take possession thereof."

If that instruction is law, the defense was admissible under the general issue. 1 Ch. Pl. 440, Ed. 1825.

The changes in pleading introduced in England by the rules of Hilary term, 1834, are not in force here.

Now, the words quoted in the instruction are to have some effect. " Every clause and even every word should, when possible, have assigned to it some meaning." Bishop on Cont., Sec. 384.

They are either a covenant or a condition, and in either aspect, broken when the store ceased to be occupied for a grocery store.

But the result of a breach is not the same in the one case as the other. For the breach of a covenant (there being no right of entry reserved-for such breach) damages may be recovered, but the estate is not lost, the exact contrary of which is the result of a breach of condition.

Now, if the words had been instead of " to be," " so that it be," they would have constituted a condition for the breach of which the appellant would have had the right to enter. (Co. Litt., Sec. 329.) What difference can be discovered in the meaning?

" For the avoiding of a lease for years, such precise words of condition are not so strictly required as in case of free-hold and inheritance" (Co. Litt., Sec. 330); the reason given being " that a lease for years was but a contract, which may begin by word, and by word may be dissolved." Ib.

Can there be a doubt that the intent of the parties was that the appellee should have the store if he occupied it as a grocery store, and otherwise he should not have it?

And the intent governs. Kew v. Trainor, 150 Ill. 150.

The refused instruction should have been given.

" To be occupied as a grocery store " means, not that the premises are to be used as a place to store groceries, but a place where the trade of selling groceries was to be conducted; and that the trade had been discontinued is indisputable.

This court has gone back to the common law, as held in

Hoots v. Graham, 23 Ill. 81, that a trespasser or a person in possession as a wrongdoer can not recover against the owner of the fee, with right of possession. Frazier v. Caruthers, 44 Ill. App. 61; and more at large in Harding v. Sandy, 43 Ill. App. 442; and see Mueller v. Kuhn, 46 Ill. App. 496.

The judgment is reversed and the case remanded.