**People of the State of Illinois, for the Use of the Wilkinson Company, v. James H. Gilbert, Elbridge G. Keith, Dilwyn V. Purington, Harlow N. Higinbotham and Charles L. Hutchinson.**

1. LEASES—*Covenants and Conditions.*—The breach of the condition of a lease is essentially different in its results from a breach of a covenant. In the case of a condition broken, the right of entry by the landlord, if the condition is of such a nature, will ensue, but for a breach of

covenant where no right of entry for such breach is reserved, only an action for damages will follow.

2. RENT—*Liability of the Sheriff for Occupancy of the Premises after Levy.*—Where a sheriff levied upon the goods of a tenant and occupied the leased premises for the purposes of selling the same under the execution, there is no liability on his part to the lessor for the rent of such premises during the period of such occupation, unless the lease is shown to have been thereby terminated, and the sheriff continuing in the occupancy of the premises became liable for the reasonable value of their use.

**Debt,** on an official bond. Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

WALKER, JUDD & HAWLEY, attorneys for plaintiff in error.

CRATTY BROS., GRAY, MACLAREN, JARVIS & CLEVELAND, attorneys for defendant in error.

A lease at common law could only be terminated or forfeited for breach of any of its covenants, by re-entry. Taylor's Landlord and Tenant, 7th Ed., Sec. 291; 12 Am. & Eng. Enc. of Law, pp. 758 k, and 759 l, and notes 7 and 2; Wood's Landlord and Tenant, Vol. 2, Sec. 510; Chadwick v. Parker, 44 Ill. 327.

Some act on the part of the lessor showing an intention to declare a forfeiture for breach of covenant is necessary to terminate the lease for such breach. Raybourn v. Ramsdell, 78 Ill. 622; Cheney v. Bonnell, 58 Ill. 268; 12 Am. & Eng. Enc. of Law, 758 m, and note 8.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action of debt on the official bond of the sheriff of Cook county, James H. Gilbert, to recover for use and occupation by the sheriff of certain premises owned by the Wilkinson Company.

The defendant demurred generally to the declaration, and the demurrer being sustained, the plaintiff elected to stand by the declaration, and judgment was given for the defendant.

As stated in appellant's brief, the declaration after reciting the election of Gilbert, as sheriff, and the giving and approval of his official bond with the remaining defendants as sureties, alleged "that the Wilkinson Company, on April 21, 1893, leased to J. S. Mossler & Brother the premises known as the store and basement of 269 State street in Chicago, at a monthly rental of $500; that said lease contained a stipulation that said Mossler & Brother should not assign said lease, or sub-let the same without the written consent of the lessor, and would not permit any transfer by operation of law of the interest in said premises acquired through said lease; that it was further provided in and by said lease that the premises thus leased were to be occupied for a clothing, gent's furnishing goods, and kindred business, and for no other purpose whatever; that said Gilbert, as sheriff, received sundry writs and executions against said J. S. Mossler & Brother, under which he took possession of the business and property of said Mossler & Brother, at the above described premises, without the consent of the lessor, the Wilkinson Company, and prevented the said Mossler & Brother from further conducting their business in said premises, and occupied the same as such sheriff for the purpose of selling the property of said Mossler & Brother under said executions, from which he realized $3,298; that it was necessary for said Gilbert to have some place to store and sell said goods, and that he remainded in actual possession of said premises for such length of time that the rent thereof at $500 per month would amount to $410.84, which is a fair market rental value for said premises, and that he has charged said amount upon said executions, as part of the cost of executing the same; that the said Wilkinson Company has never received rent from any person for the time when said Gilbert occupied said premises, and that said Mossler & Brother never rented the said premises after the occupancy of said Gilbert, and never since said time paid the Wilkinson Company rent therefor; that said Gilbert refuses to pay said $410.84, as rent for his occupancy of said premises to the damage of said Wilkinson Company."

The sole question is whether a cause of action is disclosed by the declaration.

The theory upon which the declaration proceeds seems to be that in some way by the act of the sheriff the lease to Mossler & Brother became terminated, and the sheriff continuing in occupancy of the premises, became liable for the reasonable value of their use.

The allegation that the lease contained a stipulation that Mossler should not assign the lease, or sub-let the premises, nor permit a transfer by operation of law, must be construed as the allegation of a covenant that Mossler would not do so, and not as a condition the breach of which would terminate the lease.

Nor is the allegation that the sheriff took possession of the business and property of Mossler at said premises and prevented Mossler from further conducting their business in the premises, and occupied the same as sheriff, for the purpose of selling the property of Mossler, an allegation of facts from which the legal inference follows that thereby the lease to Mossler terminated. Such allegations show, at most, an interference with Mossler's enjoyment of the premises, but not a disturbance of the landlord's rights.

For anything alleged, it does not follow that Mossler did not continue to occupy the premises, nor that during all the time the sheriff remained there in possession of the goods of Mossler, the lease was not in full force against Mossler, and that the premises did not remain, as before, the premises of Mossler.

The allegation that Mossler never rented the premises after the occupancy of the sheriff, and never since that time paid any rent therefor, is no sufficient allegation upon which to predicate a legal conclusion that their lease had been ended.

And unless the lease was terminated the sheriff was not responsible to the landlord for use and occupation, although he might be to Mossler.

The sheriff certainly was not liable to the landlord, unless by the fact of his entry into the premises some con-

dition of the lease became broken whereby the term of Mossler came to an end. But there is no allegation that the lease contained any such condition, and there is no allegation that the statutory method of terminating the lease was resorted to, nor that in any way the lease was put an end to by the landlord.

It is argued that there was a voluntary surrender and letting into possession by Mossler to the sheriff, and an attornment by the sheriff to the landlord, and consequently the landlord's possession, as evidenced by the sheriff's charge for rent upon the executions as a part of the cost of executing the same, and that thereby the necessity of a re-entry by the landlord for condition broken was avoided.

But such argument begs the very question that the case presents.

There is no allegation of a voluntary surrender of possession to the sheriff; but, on the other hand, the strong inference from what is alleged concerning the possession that was taken by the sheriff is that it was done against the will of Mossler.

As before several times repeated, there is no allegation of a breach of any condition that was contained in the lease, nor was there even an allegation of any covenant for the breach of which a right of entry to the landlord ensued. The breach of a condition is essentially different in its results from a breach of a covenant. In the case of a condition broken the right of re-entry by the landlord, if the condition were of such a nature, would ensue, but for a breach of covenant, where no right of entry for such breach is reserved, only an action for damages would follow. White v. Naerup, 57 Ill. App. 114.

And as to the attornment by the sheriff to the landlord, there is no allegation that the sheriff ever acknowledged that the money charged by him upon the execution belonged to the landlord. The allegation upon which the argument of attornment is based is far short of what is necessary to amount to an attornment.

There may be a question between the sheriff and the

creditors, through Mossler, as to the expense charged by him for executing the writ, but there is none between him and the landlord.

The judgment of the Circuit Court must be affirmed.