## Frank E. McEwan v. George Baker.

1.  CONVEYANCES—*Where a Right of Access is Incident to the Grant.*
—Where a person sells land, which is wholly surrounded by his own
lands, to another, the purchaser is entitled to a right of way over the
lands of the vendor in order to reach the lands purchased, as a neces-
sary incident to the grant.

2.  SAME—*When the Right of Way is Not Relinquished.*—A right of
way and necessity for access to premises of a grantor remaining in him
after his conveyance of a portion of such premises, will not be presumed
to have been relinquished by general covenants in a warranty deed.

3.  EASEMENTS—*Relinquishment of a Right of Access.*—A right of
access may be relinquished by express words, clearly indicating an
intention to do so, but general covenants which do not indicate that
such relinquishment was intended by the covenantor will not be con-
strued as a waiver of such easements.

4.  SAME—*When a Servitude Passes with a Conveyance.*—Where a
person owns and uses two tracts of land so that the value of one is
enhanced and derives a benefit from a right of way over the other, and
such right of way and enhanced value are apparent to the ordinary
observation of a purchaser of the servient tract, such purchaser will be

presumed, in the absence of stipulations to the contrary, to have purchased the servient tract with notice of the servitude.

5. NUISANCES—*Right to Remove Obstructions to Right of Way.*—If the owner of a right of access over the lands of another is able to break down a barrier or obstruction wrongfully erected therein by the owner of the lands over which such right exists, without in so doing bringing about a personal encounter with the owner or his servant, he has a legal right to do so.

Trespass, to real estate. Appeal from the Circuit Court of Kane County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901. Rehearing denied October 8, 1901.

**Statement.**—This was an action of trespass begun before a justice of the peace, removed by appeal to the Circuit Court, where a trial was had before the court, a jury being waived, with the result of a finding and judgment for the defendant.

On April 20, 1892, appellee owned two eighty-acre tracts of land, one fronting on a highway running north and south. This eighty extended back from the highway 160 rods, where was located the second or back eighty. This second or back eighty had no connection with any highway or road, either public or private, the back eighty being entirely surrounded by the land of strangers, except where it joined on to the front eighty owned by appellee as aforesaid. The following map shows the position of such eighty with relation to a highway, and the ownership of adjoining lands:

Upon the date mentioned appellee entered into an agreement by which he contracted to sell to Robert McEwan the front eighty for the sum of $2,800, and gave to him the right of immediate possession of said front eighty. Upon the same day Robert McEwan executed to appellee a lease of a strip of land one rod in width along the south line of the section of land in which said front eighty was situated, recited in said lease as "being a strip one rod wide off the south side of land this day sold by George Baker to Robert McEwan." The lease contained also the following recital: "Said second party, in consideration thereof, as rent therefor, pays first party one dollar, receipt whereof is hereby acknowledged. Said premises are to be held by second party and heirs as long as he or his heirs own the land or any part thereof next west of and adjoining the eighty-

acre lot this day bought by first party from second party."
Robert McEwan being the first party in said lease and
George Baker, appellee, the second party.

On March 23, 1883, appellee executed a warranty deed
of the front eighty-acre tract, contracted to be sold, as
hereinbefore mentioned. The original articles of agree-
ment between appellee and Robert McEwan were recorded
April 20, 1882. The lease of the one-rod strip was not
recorded until January 10, 1900. On September 30, 1898,
Robert McEwan conveyed the same eighty-acre tract to
the appellant, Frank E. McEwan. Each of the before-
mentioned conveyances was a warranty deed.

During the time that Robert McEwan owned said front
eighty-acre tract he purchased a strip of land two rods
wide, adjoining the south line of said eighty acres, and
moved his fences so as to include said strip. This was done
about ten years before the institution of the suit under
consideration; and this was the condition of the property at
the time Frank E. McEwan, the plaintiff, purchased said
front eighty acres and also said two-rod strip. During the
time that Robert McEwan owned the said front eighty
acres, and up to a very short period prior to the alleged
trespass complained of by the plaintiff, appellee (Baker)
has been in the habit of driving his cattle through Robert
McEwan's barnyard while he owned said eighty acres, and
Frank McEwan's barnyard when he became its owner. In
other words, to drive his cattle across the front eighty to
reach his, appellee's, back eighty, following a lane, of which
said strip of land one rod in width, leased by Robert
McEwan to George Baker, as aforesaid, constituted a part.
This continued up to January 3, 1900, when appellant noti-
fied appellee in writing to stop crossing said front eighty-
acre tract. Appellee then sought appellant and asked him
what it meant. Appellant replied: "You are barred
out." Appellee then said: "Frank, I have got a lease of
the right of way here." To which appellant replied: "It
is no good; there is a deed given two years after the lease
was given."

Thereafter appellant barred up the passage-way across said front eighty-acre tract, and appellee, finding access from the aforesaid highway to his eighty-acre tract obstructed, broke down the gate erected by appellant, which action upon the part of appellee resulted in the bringing of the action of trespass before mentioned.

RUSSELL & HAZELHURST and W. R. S. HUNTER, attorneys for appellant.

C. H. WAYNE and CLIFFE & CLIFFE, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellant relies upon the covenant in the warranty deed made by appellee to Robert McEwan and the similar covenant in the deed from Robert McEwan to him, Frank McEwan, especially the covenant that the land, namely, the said front eighty-acre tract, is free and clear from incumbrance.

If a man sells land to another, which is wholly surrounded by his own land, the purchaser is entitled to a right of way over the other's ground to arrive at his own. Such a way is a necessary incident to the grant. Kent's Com., 6th Ed., Vol. 3, pp. 420–3; Brigham v. Smith, 4 Gray (Mass.), 297; Washburn on Easements and Servitudes, 3d Ed., p. 235; Uhl v. Ohio River R. R. Co., 34 S. E. Rep. 934; Rock Island & Peoria Ry. Co. v. Dimick, 144 Ill. 628; Jones on Easements, Sec. 319.

Nor will a right of necessity for access to the premises of a grantor, remaining in him after a conveyance of a portion of what he once owned, be presumed to have been relinquished by general covenants in a warranty deed. Necessity for and right of access may, indeed, be relinquished by express words, clearly indicating an intention to do so, but general covenants, which do not indicate that such relinquishment was in the mind of the covenantor, will not be construed as a waiver of such necessary easements. Chappell v. N. Y. & H. Ry. Co., 24 Atlantic Rep. 997.

So too, where a party so owns and so uses two tracts of

land that the value of one is enhanced and it derives a benefit from a right of way over the other, and such right-of-way-benefits and enhanced value are apparent and open to the ordinary observation of a purchaser of the servient tract, such purchaser will be presumed, in the absence of stipulations to the contrary, to have purchased the servient tract with notice of the servitude.   Cihak v. Klekr, 117 Ill. 658; Vol. 10, 2d Ed. Am. & Eng. Ency. of Law, 420-2; John Hancock Mut. Life Ins. Co. v. Patterson, 103 Ind. 582; Morrison v. King, 62 Ill. 30; Ingals v. Plamondon, 75 Ill. 118; Tinker v. Forbes, 136 Ill. 221.

The use made by appellee of the front eighty acres, after the conveyance of the same to Robert McEwan, was obvious to ordinary observation; and the lease given by Robert McEwan to appellee, under which appellee was making use of said front eighty acres, was a thing which appellant would easily have ascertained had he inquired by what right appellee was driving his cattle over said front eighty acres, as at the time of and for many years after the purchase of the same by appellant, appellee continued to do.

Appellant is chargeable with knowledge of that which in this regard he had notice.   Crawford v. C., B. & Q. Ry. Co., 112 Ill. 314; Harris v. McIntyre, 118 Ill. 275; Jones Law of Real Property, Vol. 2, p. 1524.

Being able to break down the barrier interposed by appellant, without in so doing bringing about a personal encounter with appellee or his servants, i. e., being able to break down said barrier peaceably, appellee had a right to remove the obstruction which appellant had wrongfully erected.   Ostatag v. Taylor, 44 Ill. App. 469; Hoots v. Graham, 23 Ill. 81; Marcy v. Taylor, 19 Ill. 634; Frazier v. Caruthers, 44 Ill. App. 61; White v. Noerup, 57 Ill. App. 114; Lee et al. v. Town of Mound Station, 118 Ill. 304; Cooley on Torts, 2d Ed. 438.

The judgment of the Circuit Court is affirmed.