## Callie Drew v. Amos Mosbarger.

1. ACTIONS—*Quasi ex Delicto in Nature, Properly Brought in the Name of the Party Entitled to Possession.*—An action merely for the possession of property, and *quasi ex delicto* in its nature, is properly brought in the name of the party entitled to possession.

2. LANDLORD AND TENANT—*Rights of Assignee of Lease.*—The same right to terminate the tenancy, and upon its termination to proceed for the unlawful detention of the premises, exists in the grantee as the original landlord might have exercised, and there is no difference in the application of this principle where the plaintiff is but the assignee instead of the grantee of the landlord.

3. SAME—*Sec. 9, Ch. 80, R. S.*—Sec. 9, Ch. 80, R. S., provides that when default is made in any of the terms of a lease, it shall not be necessary to give more than ten days' notice to quit, or of the termination of such tenancy; and the same shall be terminated on giving such notice to quit at any time after such default in any of the terms of such lease, and no other notice or demand of possession or termination of such tenancy shall be necessary; and gives the remedy of re-entry for the failure of the tenant to perform any of the stipulations contained in the lease, whether such remedy is contained in the lease or not.

Forcible Detainer.—Appeal from the County Court of Douglas County; the Hon. WILLIAM H. BASSETT, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 1, 1902.

JOHN H. CHADWICK, attorney for appellant.

THOMAS W. ROBERTS, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was an action of forcible detainer brought by appellant against appellee before a justice of the peace to recover the possession of leased premises, and the cause having been

taken by appeal to the County Court, upon a trial by jury, after the close of plaintiff's evidence, on the motion of the defendant, the court directed the verdict for the defendant, and after overruling appellant's motion for a new trial, the court gave judgment against her in bar of the action and for costs, to reverse which she brings this appeal, and for error to effect such reversal, argues the action of the court in so directing the verdict.

The lease in question was made by Levi Drew to appellee, of the premises, for five years from March 1, 1900, and by successive assignments was transferred to the appellant, and contained among other terms, including the payment of stipulated rents, the following:

"The party of the second part (appellee) covenants to keep said premises free from brush and burrs and to cut burrs and noxious weeds not later than the month of August of each year."

October 5, 1901, appellant caused a written notice of the termination of the lease, and demand for possession of the premises, to be served upon appellee for his alleged default in cutting burrs and noxious weeds in the month of August; and later, October 17, 1901, caused a further written demand for the immediate possession of the premises described in the lease, to be served upon him, and appellee failing to yield to such demand this suit ensued. Upon the trial appellant proved the above recited facts, and also that appellee did not cut the burrs and weeds which were upon the premises, in the month of August of that year. The evidence further proved the burrs were quite numerous and had not been cut as provided by the lease they should be. Upon this evidence the court directed the verdict for the defendant, and it was returned accordingly.

It is first contended, in support of the judgment, that inasmuch as a lease is not a negotiable instrument, and not assignable as such, the suit should have been in the name of Levi Drew for the use of appellant. Were this an action of assumpsit or covenant upon the contract, this question might arise; but being an action merely for the possession

Drew v. Mosbarger.

of the property, and *quasi ex delicto* in its nature, we are of the opinion it is properly brought in the name of the party entitled to possession. Appellant bought and paid for the lease for its unexpired term, and it was assigned to her, and that being true, Levi Drew, as against her, was not entitled to possession until the lease expired. Appellee was then the tenant of appellant, and if he has forfeited the right to continue in such possession the right of attornment was due to the owner of the lease until it had expired by its terms. The same right to terminate the tenancy, and upon its termination to proceed for the unlawful detention of the premises, existed in the grantee, as the original landlord might have exercised. Thomasson v. Wilson, 146 Ill. 389, and cases cited. There can be no difference in the application of this principle where the plaintiff is but the assignee instead of the grantee of the landlord.

It is next argued in support of the action of the trial court in directing the verdict, that because the lease by its terms contained no provision for re-entry or forfeiture, in consequence of a failure to cut the burrs and noxious weeds, which is the fact, that therefore the estate was not forfeited, and the action can not be maintained, and that an action for damages is the only remedy given by the law in such case. The distinction sought to be made by counsel for appellee is that a breach of the condition is essentially different in its result from a breach of covenant; in the case of a condition broken, the right of re-entry by the landlord, if the condition were of such a nature, would ensue, but for a breach of covenant, where no right of re-entry for such breach is reserved, only an action for damages would follow; and inasmuch as the present suit involves only a breach of covenant, the suit can be maintained for damages only, and not for the possession of the premises; and the cases of People v. Gilbert, 64 Ill. App. 203, and White v. Naerup, 57 Ill. App. 114, are cited by counsel in support of this position. Neither of the cases cited was an action of forcible detainer, and we are unable to see that the question now before us for judgment was there involved. What the court

in those cases say that might be applied to the question here, may be and probably is the rule at common law. In neither of those cases did the court refer to the statute, nor was it apparently in the mind of the court when those decisions were made. Indeed, as we said before, the question was not necessarily before the court for its decision, and it was therefore unnecessary to refer to the statute. The statute upon this subject (section 9, chapter 80, Landlord and Tenant), is as follows:

" When default is made in any of the terms of a lease, it shall not be necessary to give more than ten days' notice to quit, or of the termination of such tenancy, and the same may be terminated on giving such notice to quit at any time after such default in any of the terms of such lease (prescribing a form to be signed by the lessor or his agent) and no other notice or demand of possession or termination of such tenancy shall be necessary."

There is no ambiguity in the terms of the statute. It plainly provides that when default is made in any of the terms of the lease the same may be terminated on giving the prescribed notice, and this provision of the statute is as much a part of the lease as if it had been written into it. If the lease was terminated—ended—for a default in any of the terms of the lease, then it had no existence, and it was the right of the landlord to re-enter. The stipulation in the lease to cut the burrs and noxious weeds in August, was one of the terms of the lease, and default was made by appellee in respect to that; the notice and demand required by the statute to terminate the lease was given, and the lease thereby terminated, and therefore the right of appellant to maintain this action was clear. In Woods v. Soucy, 166 Ill. 407, it was held that the statute we have quoted merely provided a new remedy, and was there applied to a lease made before the enactment of the statute, and in that case it is pointed out that when first enacted as section 2 of the laws in relation to forcible detainer it specifically mentioned default in the payment of rent as well as other covenants, when, as now extant as section 9 above quoted, " any of the terms of the lease " takes the place of such

provision. In Chadwick v. Parker, 44 Ill. 326, the court holds that this section was obviously designed to dispense with the necessity of making the common law demand of rent on the very day it fell due, and to give a remedy where the lease contains no clause of re-entry. It is clear to us that the change of the language used in section 2, above noticed, from "default in payment of rent due, or any of the covenants of a lease," to "any of the terms of a lease," as now used in section 9, the legislature intended to give this remedy for the failure of the tenant to perform any of the stipulations contained in the lease, and for such, a re-entry is given by the statute, whether contained in the lease or not, as was said in the case last cited, and repeated in Leary v. Pattison, 66 Ill. 203.

It follows from what we have said that the County Court erred in its direction of the verdict; and its judgment will be reversed and the cause remanded for further proceedings in consonance with the views herein expressed.