Ambrose *vs.* Root.

---

RUEL AMBROSE, plaintiff in error, *vs.* ANSON ROOT, defendant
in error.

### *Error to Kane.*

Courts will not lend their aid to enforce a contract, entered into with a view of carrying into
effect any thing that is prohibited by law.   But an agreement which provides that if cer-
tain conditions are not complied with by one of the parties, that the other would have the
right to enter and take possession of certain premises, and should not be regarded as a
trespasser, nor his entry as anywise unlawful, in case force should be necessary to obtain
the possession, is not an agreement to do an unlawful act.

If greater force was used than was necessary, in taking such possession, the party offended
against should reply the excess, or give evidence thereof, under the general replication of
*de injuria.*

A party acting under such an agreement would still be liable criminally, for a breach of the
peace.

This was an action of trespass for an assault and battery,
brought in the Kane Circuit Court, by Ambrose against Root and
several others.   The defendants pleaded not guilty, and several
pleas in bar.   The fifth plea sets up two instruments in writing
for the sale of certain premises by Root to Ambrose; in the se-
cond of which agreements it is covenanted between Ambrose
and Root, that if Ambrose, by a day named, made default in
paying a certain instalment, that Root " might enter and take
possession of the premises, using all the force necessary to ob-
tain the actual possession thereof; and such entry should not
be regarded as a trespass, nor sued for as such, nor in anywise
unlawful; " and that Ambrose made default in the payment of

the money, and thereupon Root, and the other defendants, as his servants and assistants, took possession of said premises, using all the force necessary for that purpose, and no more. To this plea plaintiffs below demurred, and Caton, Justice, presiding, overruled the demurrer. The plaintiff below brought the case to this Court.

B. S. Morris and R. S. Blackwell, for plaintiff in error.

I. G. Wilson, for defendants in error.

Opinion by Mr. Justice Trumbull:

This was an action of trespass, for an assault and battery of the plaintiff. The defendant pleaded among other defences, certain articles of agreement between the plaintiff and the said Anson Root, from which it appears that the former purchased of the latter an interest in certain mill property, for which he was to pay in instalments, and of which he took possession. The last article of agreement, which extends the time for payment as fixed by the first, contains this clause : " In default of paying said instalment on or before the said 23d day of July, the said Ambrose covenants and agrees to and with the said Root, that he, said Root, may enter and take possession of said mill, using all the force necessary to obtain the actual possession thereof; and such entry shall not be regarded as a trespass, nor sued for as such, nor in anywise unlawful." The agreements are set out at length in the plea, which then alleges that the plaintiff did not pay the said instalment; that the said Anson Root and the other defendants, as his servants and assistants, and at his request, entered and took possession of said mill, using no more force than was actually necessary to enter and take possession thereof; in doing which they did necessarily a little beat and ill treat the plaintiff, which are the same trespasses complained of. To this plea the plaintiff demurred, and the overruling of the demurrer is the only question in the case.

An objection of a formal character is first taken to the plea, that it does not distinctly allege that the plaintiff resisted the defendant, Anson Root, in taking possession of the mill. It avers, that the injury complained of was occasioned in taking the possession, and that no more force was used than was actu-

ally necessary to accomplish that object.    Had the plaintiff not violated his engagement, by attempting to withhold the possession of the mill, there would have been no necessity to use violence towards him; and if there was no such necessity, the plea was untrue, and issue might safely have been taken upon it.    In point of form we do not think the plea obnoxious to a general demurrer.    But the main objection taken to the plea is, that it sets up an agreement that is illegal and void.    The principle is admitted, that a Court will not lend its aid to enforce a contract, entered into with a view of carrying into effect any thing that is prohibited by law.    But is this such an agreement, or had the parties to it a violation of the law in contemplation, when it was made?    It simply provides that Anson Root, who, if the agreement were not complied with by the plaintiff, would have the right to enter and take possession of the mill, should not be regarded as a trespasser, nor his entry as anywise unlawful, in case force should be necessary to enable him to obtain the possession.

This was not an agreement to do an unlawful act.    It cannot be supposed that the parties had it in contemplation at the time of executing the contract, that the plaintiff would wrongfully attempt to retain the possession, or that there would be any occasion to resort to force to put him out.    The agreement was not made for the purpose of committing an illegal act, nor with a knowledge that one would be committed, and had the defendant complied with his obligation, as the law will presume was his intention at the time, none would have followed.    If greater force was used than was necessary, the plaintiff could have replied the excess, or given evidence of it, according to the authority of the case of Ayres vs. Kelley, *ante*, page 17, under the general replication of *de injuria*.

This agreement does not release the defendants from a prosecution for a breach of the peace, if they committed one, but it does release them from the payment of damages to the plaintiff, for injuries that may necessarily have been inflicted upon him, in obtaining that possession, to take which he had expressly authorized one of the defendants, Anson Root, and by necessary implication, the other defendants acting under his direction.    At the common law, whenever a right of entry existed, the disseizee might lawfully regain the possession by force.    1 Chitty's

Gen. Practice, 646. In the case of Hyatt *vs.* Wood, 4 John., 150, the Court says: "If the entry in such case be with a strong hand or a multitude of people, it is an offence for which the party entering must answer criminally; but it would be absurd to say that he must also be responsible in damages, as for an injury to the person who has no right, but is himself a wrongdoer."

Under our statute of forcible entry and detainer, a party having by law a right of entry, has no authority to make such entry by force; but this statute provides a civil remedy, which the wrongdoer in possession may at any time waive. My neighbor has no right to break open my dwelling and take therefrom my watch, yet if I authorize him to do it, the act becomes lawful, and he is released from any liability to me in so doing. So in this case, Root had no right by force to enter and turn the plaintiff out of the mill, yet the plaintiff having given him authority to make the entry, using all the force necessary to obtain the actual possession, such entry by force became lawful as to the plaintiff, and he cannot recover damages for that which was done by his own authority, nor can he complain that he was pushed aside, when he wrongfully stood in the way. Had the agreement been made with a view to authorize the beating of the plaintiff, it might have been void, because of the unlawfulness of the act, but it was made for the purpose of accomplishing a lawful object in a lawful manner—that is, to enable the defendant, Root, by the consent of Ambrose, to take the possession of his own premises. But for the unforeseen wrongful act of the plaintiff himself, nothing unlawful would have followed the carrying of the agreement into execution.

The following distinction has been taken as to when a promise to indemnify against a trespass will or will not be valid: "If an act directed or agreed to be done, is known at the time to be a trespass, an express promise to indemnify would be illegal and void; but if it was not known at the time to be a trespass, the promise of indemnity is a good and valid promise." Stone *vs.* Hooker, 9 Cowen, 154; Coventry *vs.* Barton, 17 John., 142.

The judgment of Circuit Court is affirmed.

*Judgment affirmed.*