### CHARLES FABRI

*v.*

### THOMAS B. BRYAN *et al.*

1. LANDLORD AND TENANT—*right of entry by landlord under agreement.* Where a lease contains a license to the landlord, his agent, attorney or assigns, to enter into possession of the leased premises with or without process of law, and expel and remove the tenant or any other person occupying the premises, and to use such force as may be necessary in so doing, and to regain and repossess the premises, in case the tenant holds over, the landlord may enter and remove the tenant therefrom after the expiration of the term of the lease, using no unnecessary force for the purpose, and the tenant can not maintain an action of trespass therefor against him.

2. REMEDY. In such case the fact that the landlord had instituted an action of forcible detainer against his tenant would not operate to deprive the former of his right to make entry under the agreement in the lease. He had a right to resort to either or both remedies at the same time.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Messrs. WILKINSON & WHITNEY, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant brought an action of trespass *quare clausum fregit*, against appellees, for an entry into a close in the occupancy of appellant, and for removing his goods and demolishing the building. Appellees pleaded the general issue, and justified under a license and authority contained in the lease of the premises from appellee Bryan to appellant. On a trial before the court and a jury, a verdict was returned in favor of defend-

ants.   A motion for a new trial was entered, but overruled by the court, and a judgment rendered on the finding, and plaintiff appeals.

The first question presented is, whether the license contained in the lease, for the landlord, his agent, attorney or assigns, to enter into possession, with or without process of law, and expel and remove the tenant or any other person occupying the premises, and to use such force as might be necessary in so doing, and to regain and repossess the premises, in case Fabri held over, authorized the acts of appellees.   It is not pretended that Fabri surrendered possession at the expiration of the term, or that he had paid rent for a considerable time previously. He was notified to quit, but declined to do so, and his chattels were then removed from the building.

At the common law, whenever a right of entry existed, the person disseized might lawfully regain possession by force.   1 Chitty's Prac. 646.   But if, in doing so, he committed a breach of the peace, he was liable criminally.   This rule of law was changed by the enactment of our statute giving the action of forcible entry and detainer, which gives a civil remedy to regain possession; and that statute took away the right to make entry by force from the landlord or person whose possession had been invaded; but in the cases of *Ambrose* v. *Root*, 11 Ill. 497, and *Page* v. *Du Puy*, 40 ib. 506, it was held, that, where the lease contained a provision similar to this, and the landlord entered and removed the tenant therefrom, using no unnecessary force for the purpose, the contract was lawful, and did not contravene the forcible entry and detainer law, and the tenant could not recover.   Those cases are conclusive of this question.

The case of *Reeder* v. *Purdy*, 41 Ill. 279, and others, are supposed to modify the rule, but the broad distinction is, that, in these cases, it did not appear that the person charged with the trespass had been authorized by the occupant of the premises, or by the person from whom he held, to make such a forcible entry, whilst in the former cases such a license had been given.   In the one class of cases, the occupant had expressly

agreed that the landlord might make such an entry, thereby waiving the trespass, unless the license should be abused by the use of excessive force, whilst in the other no such authority had been given. In this respect, the two classes of cases are entirely unlike; and in this case the jury have, we think, properly found that there was no abuse of the authority; nor was there any error in the instruction given on that question.

It is insisted that the court below should have given appellant's fourth instruction. All it contained that was proper had been given in other instructions. Even if the evidence as to the pendency of the forcible entry and detainer suit was admitted without objection, still that evidence in nowise controlled the rights of the parties. The prosecution of the forcible detainer proceedings did not in the least abrogate or modify the agreement that Bryan or his assignee might make the entry. Merriman had the right to pursue either or both remedies simultaneously. The resort to the one did not take away the other. Hence, the instruction of the court, on its own motion, on that question, was proper, and it would have been improper to give another instruction containing the reverse of the proposition; and a careful examination of the evidence fails to show that there was any evidence tending to show that appellant had the slightest pretense to the right of possession. His lease had long since expired; he had failed to pay rent, and had refused to surrender possession, when properly demanded. Hence, there could not be the slightest wrong done to appellant by this instruction.

All the evidence considered, we are clearly of opinion it sustains the verdict, and we discover no error requiring the reversal of the judgment of the court below, and it must be affirmed.

*Judgment affirmed.*