## JACOB SCHAEFER ET AL.

### v.

### LEON SILVERSTEIN.

*Trespass—Real Property—Right to Re-enter upon Covenant Broken.*

1. A property owner may employ force to reclaim his own.
2. The right to enter leased premises, upon covenant broken, exists independently of an express forfeiting of the lease.

[Opinion filed January 7, 1893.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. W. M. JOHNSON, for appellants.

Mr. B. M. SHAFFNER, for appellee.

MR. JUSTICE SHEPARD.   An action in trespass was brought against appellants by appellee for forcibly removing the goods of appellee, consisting of a stock of cigars and tobacco, from a certain cigar stand, located within the billiard room of appellants, theretofore held and occupied by appellee under a lease from the appellants.

A verdict and judgment were rendered in appellee's favor, and from that judgment this appeal is prosecuted.

In behalf of the plaintiff (appellee) the court gave to the jury the following instructions:

Schaefer v. Silverstein.

" The court instructs the jury that if they believe, from the evidence, the plaintiff was in the lawful possession of the premises in question, and if they further believe from the evidence that while in such possession, the defendants ousted and evicted the plaintiff, and removed his goods from the shelvings and cases without lawful right to do so, then the jury will find the defendants guilty, and assess the plaintiff's damages at such a sum as the jury may believe from the evidence he has sustained, if any."

" The court further instructs the jury that if they believe, from the evidence, the defendants ousted or evicted the plaintiff in an unlawful manner, and that they did so in a wanton, illegal and unwarrantable manner, then the jury are instructed that they may give the plaintiff punitive damages, not only to compensate him but to punish the defendants."

Certain instructions requested by the defendants, as copied below, without those portions in italics, were modified by the court by adding the italicized words, and, as so modified, given to the jury:

" The court instructs the jury as a matter of law, that if the jury believe from the evidence that the plaintiff, Silverstein, violated the terms and conditions in the lease under which he occupied the premises in question, under the defendants, then by the terms of the lease the defendant had a right to *forfeit the said lease and* remove the plaintiff or his employes and property, using no unnecessary force, *and under such circumstances* the plaintiff can not recover in this action."

" The court instructs the jury that the plaintiff, is only entitled to recover the actual damage he has sustained, as may be shown by the evidence, which was the direct result of the wrongful conduct of the defendants, if the jury believe from the evidence that the defendants were not warranted in declaring the lease forfeited by reason of the default of the plaintiff, *if the same was forfeited, unless the defendants acted wantonly and wilfully in removing the goods of the plaintiff and taking possession of the space mentioned in the lease.*

" The court instructs the jury as a matter of law, that if the jury believe from the evidence that the plaintiff, Silverstein, violated the terms and conditions of the lease from the defendants under which he occupied the premises in question, *and the defendants forfeited the same for some violation of the terms thereof*, then he, the plaintiff, can not recover in this action unless the jury further believe from the evidence that the defendants were guilty of unnecessary or wilful and malicious force and mischief in removing the plaintiff, his employes or property, from the premises in question."

The instructions given for the plaintiff were erroneous in leaving the law of the case to the jury.

That a landlord may put out with force, a tenant holding under a lease containing a clause of re-entry for covenant broken upon the happening of a breach of such a covenant, and the termination thereby of the tenancy, is no longer a question. An owner may employ force to reclaim what is his own.

The modification of the defendants' instructions noted was also error. The italicized words amount in substance to telling the jury, as a matter of law, that an express forfeiture of the lease, by the appellants, constituted a condition precedent to their right to remove appellee's goods from their premises. Such is not the law. The right to re-enter, upon covenant broken, existed independently of an express forfeiting of the lease. The right of appellants to possession was not dependent upon their having declared a forfeiture of the lease, but existed, if at all, because of a lawful termination of the lease, by any act, or omission, of the appellee, constituting a breach of covenant.

In support of these propositions we refer to Mueller v. Kuhn, 46 Ill. App. 496, wherein the cases in this State are cited; and see Fabri v. Bryan, 80 Ill. 182.

For the errors indicated the judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*