GOSHEN v. THE PEOPLE.

1. LANDLORD AND TENANT—FORCIBLE ENTRY.

The statute takes away the right that existed at common law to make entry by force, although the right to possession may exist. Yet a license reserved in the lease to make such an entry does not contravene the statute, and, under such a provision, the landlord may enter and remove a tenant upon condition broken, if he use no unnecessary force to accomplish his purpose.

2. CRIMINAL LAW—DEFENSE OF POSSESSION.

One who is in the lawful possession of premises may defend such possession by resort to force if necessary. He will not be held liable criminally for the use of force in defending such possession unless the force used was excessive or unnecessary.

*Error to the County Court of El Paso County.*

ON THE 1st day of July, 1893, two informations were filed in the county court of El Paso county against William Goshen, the plaintiff in error, charging him with an assault and battery upon one V. J. Holeck. The informations were consolidated for the purpose of trial. He was found guilty and sentenced to pay a fine of $15.00 and costs upon each. Error is assigned upon the giving and refusal of certain instructions.

Mr. WM. HARRISON, Messrs. BRINSIN & MUSSER and Mr. J. L. WILLIAMS, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. F. P. SECOR, of counsel, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

To understand the ground upon which the correctness of the instructions complained of is challenged, a brief statement of the facts is necessary. On the 29th day of May, 1893, Goshen executed a lease to V. J. Holeck, the complaining

witness, for certain premises situate in Colorado Springs, Colorado, for the term of three years, which contained a covenant that the lessee would not use or permit said premises to be used for any purpose prohibited by the laws of the United States or of Colorado, or contrary to what is known as " the Colorado Springs special covenant," with reference to the sale of intoxicating liquors; and furthermore stipulated that, upon a breach of any of the covenants therein contained, it should be lawful for the lessor, at his election, to declare the term ended, and either with or without process of law, to reënter and remove the lessees, using such force as was necessary.

On the 30th day of June, Goshen went to the premises, in company with Mr. Berry and Mr. Fletcher, and demanded possession of the premises for an alleged breach of this covenant. Holeck refused to give up possession, but, having temporarily stepped outside, Goshen locked the door and refused him admittance. Thereupon Holeck went away, and after an absence of about two hours returned, and being again refused admittance, broke the door in and attempted to enter, when he claims that Berry and Fletcher, who were there acting in behalf of Goshen, seized hold of him and beat him. The court instructed the jury, in substance, that under the terms of the lease, Holeck was in lawful possession of the property at the time of the first assault and battery charged, and that although he may have broken some of the covenants therein, Goshen had no right to regain possession of the property by force, but should have resorted to the remedies given by the laws of the state; and that if, in attempting to take possession, he, or any one whom he advised or encouraged to perpetrate the act, did use force in obtaining possession, and in doing so struck or beat Holeck, then they should find him guilty, as charged in the information.

The court further instructed the jury that the defendant had the right, after the condition was broken, to enter, if he could, without force, and that any entry was with force, with-

in the meaning of the law, that was made against the will of the occupant.

We think these instructions are erroneous when applied to the facts in the case. There was no evidence tending to show that the defendant, or any one else in his behalf, used any force in entering the premises, or committed any assault upon the prosecuting witness at that time; that whatever violence was used, if any, against the prosecuting witness, was at the time he broke the door and attempted to reënter.

And, furthermore, the instructions are erroneous in so far as they deny the right of the defendant to regain possession of the property by force, except as defined by the court. Nor is it true that an entry is with force simply because against the will of the occupant. The force contemplated by the forcible entry act is actual force, and an entry made with no more force than such as is implied in an ordinary trespass is not within the meaning of the statute. While our statute of forcible entry takes away the right that existed at common law to make entry by force, although the right to possession may exist, a license to make such an entry does not contravene this statute, and the landlord may, under the provisions contained in this lease, enter and remove a tenant upon covenant broken, if he uses no unnecessary force to accomplish the purpose. *Ambrose v. Root,* 11 Ill. 497; *Page v. De Puy,* 40 Ill. 506; *Fabri v. Bryan,* 80 Ill. 182.

If plaintiff in error had the right of entry by reason of a breach of covenant on the part of Holeck, he was not obliged to resort " to remedies given by the laws of the state," but could avail himself of the right to reënter, under the stipulation in the lease, using no more force than was necessary to remove the complaining witness; and if he so entered, his possession at the time the assaults and batteries are alleged to have occurred was lawful, and he had the right to defend that possession by resort to force, if necessary. His guilt or innocence of the charges, therefore, depended upon whether he used excessive and unnecessary force in defending a possession which was rightful at the time. This theory of the

law was correctly stated in the second instruction asked by the defendant, and the court erred in refusing it. For the errors specified the judgments of the county court are reversed, and the causes remanded.

*Reversed.*