Guntee, J.
*480 Forcible entry and detainer; judgment for defendant; plaintiff appeals.
Mrs. McCord owned certain farming land in Costilla county, this state, and according to her testimony, leased the same to appellant for a term beginning June, 1899, and ending with the year 1900, appellant to pay as rent one-third of the grain produced. According to the evidence for appellant, a further condition was that in the event of a sale by Mrs. McCord during the term, appellant should deliver possession upon Mrs. McCord paying him for buildings erected and plowing done.
. It is immaterial, in view of the conclusion reached, whether the tenancy was upon the terms stated by Mrs. McCord or upon those claimed by appellant.
March 19, 1900, appellant was in possession of the demised premises in good faith under said lease. Upon that morning he went to a town some miles distant, returning the next afternoon. During his absence appellee, to whom the property had been sold by Mrs. McCord, entered upon the land, which seems to have been inclosed, accompanied by two hired men, and set about to seed it. Appellee and his men were unarmed and the entry was unattended with any force or threats of force. The men were then, and had been for some time, in the employ of appellee, the only instructions from him to them Were that they should seed the land. The residence on the premises was not entered, nor the possession of appellant thereof in any manner disturbed.
This entry of appellee was made about noon, said March 19. On the following afternoon appellant returned home and found three men engaged in planting the land, no force or threats of force were used by them in retaining possession of the land, no *481 more men were there than necessary for their work of seeding.
A written demand was thereafter served on appellee that he should vacate the premises; this he' declined to do, and appellant instituted an action of forcible entry and detainer under the statute, charging him with forcibly and unlawfully entering upon said premises, and that he forcibly and unlawfully detained the possession thereof. Forcible entry and detainer is defined by statute.
“If any person * * * shall enter, upon * * * any lands * * * with force or strong hand or multitude of people, whether any person be actually upon or in the same at the time of such entry or not; or if any person by threats of Adolence or injury to the party in possession, or by such words or actions as have a natural tendency to excite fear or apprehension of danger, shall gain possession of any lands * * * and maintain and hold the same, such person * * * so offending shall be deemed guilty of forcible entry and detainer.” — Mills’ Ann. Stats. Yol. 1, sec. 1970.
To make out this cause of action it is necessary to show that force or appearances tending to inspire a just apprehension of violence were used in obtaining the possession. Such requirement is not satisfied by simply showing that the entry was against the Avill of the possessor. Whatever conflict as to this question there may be under the statutes of other states, the question seems at rest here. In Goshen v. The People, 22 Colo. 270, 272, it is said:
“Nor is it true that an entry is with force simply because against the will of the occupant. The force contemplated by the forcible entry act is actual force, and an entry made -with no more force than such as is implied in any ordinary trespass is not within>the' meaning of the statute.”
*482 In that case the lower "court charged that an entry was with force within the meaning of the forcible entry and‘detainer act, that was made against the will of the occupant. The appellate court held that this was error, and in doing so used the above language.
“In order to maintain a civil action of, or a criminal prosecution for, forcible entry and detainer under the early English statutes or those of a later time which are based upon them and are similar in their provisions, it must appear that the plaintiff was deprived or was kept from the possession of the premises in question by actual force or appearances tending to inspire a just apprehension of violence.” • — Am. and Eng. Ency. of Law (2d ed.), Vol. 13, pp. 743, 757, citing, among other authorities, Goshen v. The People, supra.
. ‘ ‘ Generally there must be such acts’ of violence used or threatened as give those in possession reason to apprehend personal danger or tend directly to cause a breach of the peace. * * * When a person entering on the land of another, by his behavior or speech gives those who are in possession just reason to think that he intends to take possession by force if they do not give way to- him, his entry is to be deemed forcible, whether he cause the apprehension of the use of violence by taking with him such unusual number of attendants or by arming himself in such a manner as plainly to indicate a design to back his pretensions by force, or by actually threatening to kill, maim, or beat those who continue in possession, or by making use of expressions plainly implying a purpose of using force against those who make resistance. ” — Am. and Eng. Ency. of Law (2d ed.), Vol. 13, p. 762.
The-evidence in this case did not show that the taking possession or the detainer of possession was *483 attended with such force as to bring the act of appellee within the forcible entry and detainer act. Such, in effect, was the conclusion of the trial court. Its judgment should be affirmed.

Affirmed.