## No. 9409.

### Rudolph v. Thompson.

1. Public Lands—*Right of Occupant under the Statute.* An occupant of public lands claiming under the statute (Rev. Stat. v. 116) will not be allowed to recover in ejectment against a claimant under the Homestead Act of the United States. And the plaintiff in such case will not be permitted to twist his action into an action for trespass.

2. Trespass to Lands—*Superior Title,* is always an answer to an action of trespass *quare clausam fregit.*

The statute gives no right of restitution to one forcibly evicted by a better title.

*Error to Gilpin District Court, Hon. H. S. Class, Judge. Department Two.*

Mr. Chase Withrow, for plaintiff in error.

Mr. William C. Matthews, for defendant in error.

Opinion by Mr. Justice Denison.

The defendant in error, plaintiff below, brought suit under the code for possession and damages (ejectment) to recover of plaintiff in error certain ranch land belonging to the United States, in Gilpin County, and recovered judgment for possession and ninety dollars damages. Her title rests solely on G. S. 1908, Chapter 116, §§ 5120-37, relating to rights of occupants of public lands. Defendant claims by virtue of a homestead entry under the laws of the United States.

G. S. 1908, Chap. 116, by its own terms, is void as against one claiming under the United States (see § 5132), and therefore plaintiff had no right of possession against defendant and was not entitled to judgment.

Defendant in error urges that the action is trespass; that she was in possession and defendant entered the land in her absence by force, and claims that even an owner could not lawfully thus violate her possession, even though she had no right of possession, and cites *Smith v. Schlink,* 6 Colo. App. 228, 40 Pac. 478.

There are two answers to this: (1) The action is not trespass. The complaint contains the usual allegations of right of possession, as provided by the code, entry, ouster, etc., for the action for possession and damages, commonly called ejectment, prays for possession and damages, and plaintiff gets judgment accordingly. (2) A superior right of possession is and always has been and in the nature of things must be a defense in an action of trespass *quare clausum fregit.*

It is not clear what Thomson, J., meant by his remarks in *Smith v. Schlink,* but he could not have meant that a better title was not a good defense in trespass.

It should be noted that the entry in this case was not "with strong hand nor with a multitude of people," and that our forcible entry statute is like that of Richard II, and not that of Henry VI, in that it gives no right of restitution to a tenant forcibly evicted by one having a better title. *Dustin v. Cowdry*, 23 Vt. 631; *Goshen v. People*, 22 Colo. 270, 44 Pac. 503; *Goad v. Heckler*, 19 Colo. App. 479, 76 Pac. 542.

The judgment should be reversed with directions to enter judgment for defendant.

Judgment reversed, with directions to enter judgment for the defendant.

Chief Justice Garrigues and Mr. Justice Scott concur.